# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAVERNA LYNETTE CRUMP,** <br> Plaintiff, <br><br> v. <br><br> **NANCY BERRYHILL,** [1] Acting Commissioner of Social Security Administration, <br> Defendant. | **CIVIL ACTION** <br><br><br><br> **NO. 15-3182** |

**DuBois, J.**                                                                                                                        **June 6, 2017**

## **M E M O R A N D U M**

### I.     INTRODUCTION

In this action, plaintiff Saverna Lynette Crump seeks review of the final decision of defendant, the Acting Commissioner of the Social Security Administration (the "Commissioner"), denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 1381-1383f. The denial was based on a decision by an Administrative Law Judge ("ALJ") on February 26, 2014, that plaintiff was not disabled under the SSA. By Order dated October 4, 2016, the Court referred the case to United States Magistrate Judge Timothy R. Rice for a Report and Recommendation ("R & R"). On January 18, 2017, Judge Rice issued an R & R recommending that plaintiff's Request for Review[2] be denied. Presently before the Court are plaintiff's Objections to the R & R. For the

---

[1] Nancy Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy Berryhill is substituted for Carolyn W. Colvin as defendant in this suit.

[2] Plaintiff filed a Brief and Statement of Issues in Support of Request for Review but did not file an actual Motion or Request for Review. Plaintiff's Brief states on the second page that she "filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g)." The Court thus construes the Brief as a Request for Review.

reasons that follow, the Court approves and adopts the R & R, overrules plaintiff's Objections, and denies plaintiff's Request for Review.

## II. BACKGROUND

The background of this case is set forth in detail in Magistrate Judge Rice's R & R and will be recited in the Memorandum only as necessary to address plaintiff's Objections. Plaintiff applied for SSI on October 18, 2011. Administrative R. ("R.") at 14. After her application was denied, plaintiff requested a hearing which was held on December 17, 2013. *Id.* In a decision dated February 26, 2014, the ALJ concluded that plaintiff was not disabled under the SSA. *Id.* In so concluding, the ALJ found that plaintiff suffered from three severe impairments—affective disorder, anxiety disorder, and substance abuse disorder—but that these impairments did not meet or equal the severity of a listed impairment. R. at 16-17. The ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform work at all levels of physical exertion, but was limited to "performing routine tasks, understanding and following short simple instructions, and making simple work related decisions in an environment with few workplace changes" and that she "must avoid interacting with the public and working co-dependently as if on a team, and is limited to no more than occasional interaction with supervisors." R. at 18. Based on her determination of plaintiff's limitations and the testimony of a vocational expert, the ALJ found that plaintiff was capable of performing jobs that existed in significant numbers in the national economy and was thus not disabled under the SSA. R. at 21-22.

The Appeals Council denied plaintiff's request for review on May 5, 2015, and the ALJ's determination was thus affirmed as the Commissioner's final decision. R. at 1. Plaintiff commenced this action seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) on June 1, 2015.

## III. APPLICABLE LAW

A district court evaluates *de novo* those portions of a magistrate judge's report and recommendation to which an objection is made and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court's review of the Commissioner's final decision is limited to determining whether the denial of benefits "is supported by substantial evidence on the record as a whole" and whether the correct legal standards were applied. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 359 (3d Cir. 2004). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Although substantial evidence is more than a mere scintilla, it need not rise to the level of a preponderance." *Id.* at 359-60 (quoting *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003)).

In deciding a disability claim, "an ALJ must clearly set forth the reasons for [her] decision. . . . The ALJ must provide a discussion of the evidence and an explanation of reasoning for [her] conclusion to sufficiently enable meaningful judicial review." *Diaz v. Comm'r of Soc. Sec.*, 577 F. 3d 500, 504 (3d Cir. 2009) (quotation marks and citations omitted). However, the ALJ "need not employ particular magic words[,] . . . particular language[,] or adhere to a particular format in conducting [the] analysis." *Id.* (quotation marks omitted). "When a conflict in the evidence exists, the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 2000) (quoting *Mason v. Shalala*, 994 F.2d 1058, 1066 (3d Cir. 1993).

An ALJ must "consider the medical opinions in [a] case record together with the rest of the relevant evidence." 20 C.F.R. § 416.927(b). Generally, the opinion of a medical source who has evaluated the claimant is given more weight than a source who has not, 20 C.F.R.

§ 416.927(c)(1), and the medical opinion of a treating source[3] that "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the case record]" will be given "controlling weight." 20 C.F.R. § 416.927(c)(2). However, while "treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, the law is clear that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). When an ALJ does not give the opinion of a treating source controlling weight, the ALJ must weigh the opinion—considering, *inter alia*, the length and nature of the treating relationship, and the supportability and consistency of the opinion—and give reasons for the weight she gives to the opinion. 20 C.F.R. § 416.927(c)(2); *see Plummer*, 186 F.3d at 429 ("An ALJ may . . . afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided." (citation omitted)).

## IV. DISCUSSION

Plaintiff filed four objections, three of which address the medical opinions in the record. Plaintiff argues that Judge Rice erred in determining that the ALJ properly weighed the opinion of (1) plaintiff's treating psychiatrist, Dr. Girish Shah, (2) the examining psychologist, Dr. Robert DiTomasso, who examined plaintiff on behalf of the Social Security Administration, and (3) the reviewing psychologist, Dr. Francis Murphy, who reviewed plaintiff's records on behalf of the Social Security Administration. In her fourth objection, plaintiff contends that the Judge

---

[3] A "treating source" is a medical source that has provided the claimant with "medical treatment or evaluation and who has, or has had, an ongoing treatment relationship" with the claimant. 20 C.F.R. § 416.927(a)(2).

Rice erred in concluding that the ALJ properly evaluated plaintiff's credibility with respect to her reports regarding her symptoms. The Court addresses each of plaintiff's objections in turn.

### A. Plaintiff's First Objection

Plaintiff first objects to Judge Rice's determination that the ALJ properly weighed the opinion of plaintiff's treating psychiatrist, Dr. Shah. Dr. Shah opined that plaintiff had marked limitations in three areas relating to her abilities to do unskilled work: (1) maintaining regular attendance and being punctual, (2) "[c]omplet[ing] a normal workday and work week without interruptions from psychologically based symptoms," and (3) "[g]et[ting] along with co-workers or peers without unduly distracting them . . . ." R. at 547.

The ALJ gave Dr. Shah's opinion "little weight" because she found that it was "fraught with inconsistencies." R. at 20. As an example of these inconsistencies, the ALJ stated that "Dr. Shah reports overall no more than moderate functional limitations in activities of daily living, maintaining social functioning and maintaining concentration persistence or pace, [and] no more than moderate limitations in mental abilities and aptitudes to perform semiskilled/skilled and other work. However, Dr. Shah reports marked findings in specific areas relating to performing unskilled work and opines that plaintiff would decompensate with even a minimal increase in mental demands or changes in her environment." R. at 20. Plaintiff contends that Judge Rice erred in concluding that this determination was supported by substantial evidence, arguing that Judge Rice and the ALJ "found several inconsistencies where none exist," Dr. Shah's opinion was consistent with itself and with the record, and Judge Rice did not address plaintiff's argument that the ALJ "failed to adequately evaluate a treating physician's opinion" under 20 C.F.R. § 416.927. Objection 2-4.

5

The Court rejects these arguments. Judge Rice concluded that the determination by the ALJ that Dr. Shah's opinion was inconsistent was supported by substantial evidence. R & R 18. Judge Rice stated that Dr. Shah found plaintiff "markedly limited with respect to distracting her peers," but only "moderately limited with respect to interacting appropriately with the general public and maintaining socially appropriate behavior." *Id.* (citing R. at 547). Dr. Shah also found plaintiff "only moderately limited in her ability to sustain ordinary routine[s] without supervision, and mildly limited in her ability to deal with normal work day stress, but markedly limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms." *Id.* (citing R. at 547-48). Judge Rice determined that the treatment records cited by plaintiff, which documented plaintiff's depressed and anxious mood, did not support Dr. Shah's findings with respect to plaintiff's above described "marked" limitations. *Id.* Judge Rice thus rejected plaintiff's argument that this opinion was consistent with the evidence, stating that even if the treatment notes "suggest that Crump would experience and display psychologically based symptoms each workweek, there is no evidence that those symptoms would necessitate an interruption in the limited scope of unskilled work for which Crump was found suited." *Id.*

Judge Rice further stated that the treatment records cited by plaintiff undermined Dr. Shah's opinion that plaintiff had marked limitations in her ability to maintain attendance and be punctual and that plaintiff's alcohol and substance abuse did not contribute to her limitations— "the records show both that Crump was able to regularly attend psychiatry appointments regardless of her substance abuse, and that her therapy attendance greatly improved during her brief periods of abstinence." R & R 18-19. Judge Rice also noted that the therapy notes cited by plaintiff as supporting Dr. Shah's opinion "put most of the blame for any functional limitations

6

on substance abuse or poor-decision making." R & R at 19 (citing R. 318, 336, 383, 525, 529). Finally, Judge Rice rejected plaintiff's argument that Dr. Shah's opinion was consistent with Dr. DiTomasso's opinion, noting that "the two opinions directly conflict with respect to Crump's ability to respond appropriately to changes in a work setting." R & R 19 (citing R. at 400, 647).

Having reviewed the record, the Court agrees with Judge Rice's conclusion that the ALJ's determination with respect to Dr. Shah's opinion is supported by substantial evidence. In addition to the inconsistencies discussed by Judge Rice, the ALJ noted that Dr. Shah's opinion was inconsistent with plaintiff's own reports—contrary to Dr. Shah's opinion, plaintiff reported that she got along with authority figures, supervisors, and peers, and did not leave her past employment due to social functioning problems. R. 20 (citing R. at 193, 395).

The Court also rejects plaintiff's arguments that the ALJ failed to adequately evaluate Dr. Shah's opinion under 20 C.F.R. § 416.927. The ALJ was not required to give the opinion of a treating source controlling weight, or use specific words or a specific format in evaluating the evidence. *See Chandler*, 667 F.3d at 361; *Diaz*, 577 F. 3d at 504.

The Court overrules plaintiff's first objection for all of the foregoing reasons.

B.      Plaintiff's Second Objection

Plaintiff next objects to Judge Rice's determination that the ALJ properly weighed the opinion of plaintiff's examining consulting psychologist, Dr. DiTomasso. Dr. DiTomasso opined that plaintiff was "moderately to markedly impaired at this point in time" in "[m]aking judgments on work related decisions" and had "marked impairment" in "her ability to interact appropriately with coworkers, the public, and supervisors" and in "[r]esponding appropriately to changes in a routine work setting . . . ." R. at 400. The ALJ considered Dr. DiTomasso's opinion that plaintiff had these marked limitations in social functioning, "but did not give it great

7

weight" on the grounds that the record showed that plaintiff was "cooperative despite anger/irritability at times," and that plaintiff reported "having and living with friends, going out twice a day, playing volleyball when she could and [having] no problems on the job relating to dealing with people." R. at 20 (citing R. at 187-194, 394-401). Plaintiff argues that Judge Rice erred because (1) Dr. DiTomasso's opinion that plaintiff had marked social limitations was consistent with the record, (2) the RFC did not accommodate the limitations found by Dr. DiTomasso, and (3) the ALJ did not evaluate Dr. DiTomasso's opinion under the appropriate regulatory factors. Objections 5-6 (citing 20 C.F.R. § 416.927(c)-(d)).

In the R & R, Judge Rice concluded that the determination by the ALJ that Dr. DiTomasso's opinion was inconsistent with the record was supported by substantial evidence. R & R 16. Judge Rice rejected plaintiff's argument that Dr. DiTomasso's opinion was supported by his observations of plaintiff during the evaluation on the grounds that "[n]one of these observations . . . related to his findings regarding her social limitations." *Id.* (citing R. at 398-99). Continuing, Judge Rice noted that Dr. DiTomasso was not aware, because plaintiff did not inform him, that she had a long-term romantic relationship or of her birthday celebration, an event that she had "focused on" during her therapy and psychiatry sessions for the month prior to Dr. DiTomasso's examination. R & R 17 (citing R. at 64, 270, 509, 251, 380, 399-400). Judge Rice determined that the record supported the ALJ's determination with respect to plaintiff's social functioning, including plaintiff's self-reports of her daily activities and social interactions. R & R 16-17 (citing R. at 20, 251). Finally, Judge Rice rejected plaintiff's argument that the ALJ failed to analyze Dr. DiTomasso's opinion using the applicable regulatory provisions. In doing so, Judge Rice stated that "[o]ther than social limitations, the ALJ's RFC is consistent with Dr. DiTomasso's assessment of [plaintiff's] functioning. . . . Because the ALJ's rejection of Dr.

DiTomasso's opinion regarding [plaintiff's] social functioning is fully explained by the ALJ and supported by the record as a whole, the ALJ's treatment of Dr. DiTomasso's opinion is supported by substantial evidence." R & R 17 (citing R. at 18, 400-01).

The Court concludes that the determination by the ALJ with respect to Dr. DiTomasso's opinion is supported by substantial evidence. The Court agrees with Judge Rice's conclusion that that the record does not support Dr. DiTomasso's finding that plaintiff had moderate to marked limitations in her ability to make "judgments on work related decisions," and marked limitations in her ability to "interact[ ] appropriately with coworkers, the public, and supervisors" and in "[r]espond[ ] appropriately to changes in a routine work setting . . . ." R. at 400. In addition to the inconsistencies discussed by Judge Rice, Dr. DiTomasso's opinion that plaintiff is markedly impaired in her ability to interact appropriately with co-workers and supervisors is inconsistent with plaintiff's reports that "she got along well with her peers [and] supervisors," R. at 395, and was never fired "because of problems getting along with other people." R. at 193.

The Court also agrees with Judge Rice that the RFC accommodates Dr. DiTomasso's opinion, excepting only that the RFC does not include Dr. DiTomasso's opinion that plaintiff had moderate to marked limitations in her ability to make work related decisions, and marked social limitations in her ability to interact with coworkers, supervisors, and the public, and respond to changes in a routine work setting. R. 400. However, as discussed above, the ALJ sufficiently explained her reasons for discounting Dr. DiTomasso's opinion with respect to these limitations, and nonetheless included the following limitations in the RFC: plaintiff is limited to "performing routine tasks, understanding and following short simple instructions, and making simple work related decisions in an environment with few workplace changes," and must "avoid interacting with the public and working co-dependently as if on a team, and is limited to no more than

9

occasional interaction with supervisors." R. at 18. These limitations correspond, albeit to a less serious degree, to the limitations found by Dr. DiTomasso.

Finally, the Court rejects plaintiff's argument that the ALJ was required to specifically cite and discuss the applicable regulations in weighing Dr. DiTomasso's opinion. *See Diaz*, 577 F.3d at 504.

The Court overrules plaintiff's second objection for all of the foregoing reasons.

### C. Plaintiff's Third Objection

Plaintiff objects to Judge Rice's determination that the ALJ properly weighed the opinion of a reviewing psychiatrist, Dr. Murphy, on the grounds that Judge Rice "adopts the . . . inaccurate assertion that 'the only functional area Drs. Shah and DiTomasso prohibited Crump from performing the unskilled work in her RFC was social functioning," and incorrectly weighed Dr. Murphy's opinion. Objection 7 (citing *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 353 (3d Cir. 2008)). On this issue, the ALJ stated, *inter alia*, that Dr. Murphy's opinion was "balanced, objective, and generally consistent with the evidence of record as a whole," and that "there are no opinions from treating or examining sources that are more persuasive and supportable than" Dr. Murphy's opinion. R. at 20.

Judge Rice rejected plaintiff's argument on this issue on the grounds that plaintiff "has failed to show that she would have been granted benefits even if Dr. Murphy's opinion was not given 'significant weight' . . . ." R & R 19-20 (citing *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)). In so concluding, Judge Rice stated that "the only functional area Drs. Shah and DiTomasso opined prohibited [plaintiff] from performing the unskilled work identified in her RFC was social functioning," the ALJ's decision to reject those opinions was supported by substantial evidence, and the ALJ had, despite giving to Dr. Murphy's opinion significant

10

weight, "included additional social limitations in Crump's RFC that Dr. Murphy had not recommended." *Id.* at 20.

The Court agrees with Judge Rice's analysis of this issue, although he did not completely address all of plaintiff's so-called marked limitations in his discussion in parts of the R & R. The marked limitations found by Dr. Shah and Dr. DiTomasso were as follows: Dr. Shah found that plaintiff had marked limitations in maintaining regular attendance and being punctual, completing a normal workday and workweek without psychological interruptions, and getting along with her coworkers or peers. R. at 547. Dr. DiTomasso found that plaintiff had moderate to marked limitations in her ability to make work related decisions, and marked limitations in her ability to interact with coworkers, supervisors, and the public, and respond to changes in a routine work setting. R. 400. Even without Dr. Murphy's opinion, substantial evidence supported the ALJ's determination that these findings were inconsistent with the record, as discussed above. Furthermore, despite affording Dr. Murphy's opinion significant weight, the ALJ included limitations in the RFC that were not found by Dr. Murphy, but corresponded to the limitations found by Dr. DiTomasso: plaintiff's RFC was limited to "performing routine tasks, understanding and following short simple instructions, and making simple work related decisions in an environment with few workplace changes" and that she "must avoid interacting with the public and working co-dependently as if on a team, and is limited to no more than occasional interaction with supervisors." R. at 18. For these reasons, plaintiff has not shown that the ALJ's determination with respect to plaintiff's functional abilities would have differed had Dr. Murphy's opinion not been afforded significant weight. *See Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016) (non-precedential) (stating that the appellant must "'explain . . .

how the . . . error to which [s]he points could have made any difference.'" (citing *Shinseki*, 556 U.S. at 409)). The Court thus overrules plaintiff's third objection.

### D.     Plaintiff's Fourth Objection

Plaintiff's fourth and final objection is that Judge Rice erred in concluding that the ALJ properly discounted plaintiff's self-reports of her symptoms. Plaintiff argues that Judge Rice's reasons for discrediting plaintiff's self-reports of her symptoms are "based largely on the ALJ's mischaracterization of the record," and that the ALJ failed to analyze plaintiff's testimony or characterization of her symptoms by specifically listing the factors listed in 20 C.F.R. § 416.929(c). Objections 9. On this issue, the ALJ determined that plaintiff's reports of her symptoms "were not entirely credible," R. at 19, and in support of this determination listed inconsistencies in plaintiff's reasons for leaving her jobs at a candy factory and at Wendy's, *id.* (citing R. at 275, 334), in her reports of side effects from her medication and sleeping habits, *id.*, and in her reports with respect to her daily activities and social activities, R. at 20.

In the R & R, Judge Rice concluded that "[t]he ALJ based her decision to discount Crump's reported symptoms on factors supported by the record that have a legitimate nexus to her credibility" and that this determination was supported by substantial evidence in the record. R & R 14. Judge Rice rejected plaintiff's arguments that the ALJ mischaracterized the record on the grounds that, contrary to plaintiff's assertions, the record showed that plaintiff regularly reported no side effects from her medication, *id.* (citing R. at 341, 343, 349, 381, 447, 464, 477, 480, 484, 494, 501, 508, 510, 519, 521, 530, 539, 541), plaintiff's inconsistent attendance and participation in therapy was not solely attributable to her symptoms, *id.* (citing R. at 318, 347, 356, 454, 504, 523), and plaintiff was not completely "forthcoming" about her substance abuse, *id.* (citing R. at 47, 345, 360, 342, 344, 440-42, 458-63, 468, 483).

12

The Court concludes that the ALJ's decision to discount plaintiff's reports of her symptoms was supported by substantial evidence. The Court rejects plaintiff's arguments that the ALJ mischaracterized the record and agrees with Judge Rice that plaintiff's reports with respect to her symptoms were inconsistent. For example, plaintiff frequently reported no side effects from her medication, R. at 341, 343, 349, 381, 447, 464, 477, 480, 484, 494, 501, 508, 510, 519, 521, 530, 539, 541, and her reports with respect to her sleeping habits were contradictory, *compare* R. at 57, 59 (plaintiff's testimony of significant sleep issues), *with* R. at 349, 341, 339, 338, 381, 477, 510, 521 (plaintiff's reports of no or limited sleep issues). Plaintiff's reports with respect to her daily activities and social activities support the ALJ's determination that plaintiff was not significantly limited in these areas. R. at 20, 190, 191, 193. The Court also rejects plaintiff's argument that the ALJ was required to specifically list the regulatory factors she used to assess plaintiff's credibility. *See Diaz*, 577 F. 3d at 504. The Court thus overrules plaintiff's fourth objection.

## V. CONCLUSION

For the foregoing reasons, the R & R is approved and adopted, plaintiff's Objections are overruled, plaintiff's Request for Review is denied, and judgment is entered in favor of defendant, Nancy Berryhill, Acting Commissioner of Social Security Administration, and against plaintiff, Saverna Lynette Crump. An appropriate order follows.